PATTERSON, Judge.
The state appeals from the trial court’s order which suppresses Lee Edward’s medical records. Since the state violated no laws in obtaining the medical records from a private attorney, we reverse.
On December 13, 1991, Lee Edwards was involved in a traffic accident with Lynn Keim. Ms. Keim brought a civil action against Edwards and was represented by attorney Charles Pittman. In the course of his investigation of the case, Pittman obtained Edwards’ medical records by issuing a subpoena to the medical records custodian of Tampa General Hospital. Pittman provided copies of these records to Edwards’ attorney, pursuant to section 395.3025(4)(d), Florida *631 Statutes (Supp.1992)[1].
The records showed that when Edwards was brought to the hospital after the accident, he had a blood alcohol level of .237. Pittman called the sheriffs office and advised them of Edwards’ blood alcohol level. The sheriffs office recommended that he forward the medical records showing Edwards’ blood alcohol level to the state attorney. Pittman sent a copy of the blood alcohol report to the state attorney’s office. Thereafter, the state attorney’s office asked Pittman for the remainder of the records.
On November 8, 1993, the state filed an information charging Edwards with driving under the influence causing serious bodily injury, under section 316.193(3) Florida Statutes (1991). Edwards filed a motion to suppress the medical records alleging that Pittman provided the state attorney’s office with the medical records without Edwards’ authorization in violation of section 395.3025(7), Florida Statutes (Supp.1992)[2]. The motion further stated that the medical records were confidential and, thus, the state was required to obtain a subpoena and provide notice to him pursuant to section 395.3025(4)(d).
At the hearing on Edwards’ motion to suppress, the trial court reasoned that after the state attorney’s intake office received the blood alcohol portion of Edwards’ medical records, the state should have sent notice to Edwards under section 395.3025(4)(d), rather than requesting the rest of the records from Pittman. The court then granted the motion to suppress. This was error.
Pittman voluntarily forwarded the records to the state attorney’s office. The state committed no error in accepting the information. If there was a violation, it was Pittman who violated section 395.3025(7) by disclosing Edwards’ confidential records without Edwards’ consent. Since Pittman was not an agent of the state, the state should not be penalized for acting on the gratuitous information.
Accordingly, we reverse and remand for further proceedings.
FRANK, C.J., and QUINCE, J., concur.

. Section 395.3025(4)(d) states that disclosure of confidential medical records is prohibited except by issuance of a subpoena from a court of competent jurisdiction and proper notice to the patient or his legal representative.

. Section 395.3025(7) states in part: "If the content of any record of patient treatment is provided under this section, the recipient, if other than the patient or the patient’s representative, may use such information only for the purpose provided and may not further disclose any information to any other person or entity, unless expressly permitted by the written consent of the patient."